UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY MICHAEL CHRISTMAS,

    Plaintiff,

        Civ. No. 07-10840

        DISTRICT JUDGE PAUL D. BORMAN
vs.        MAGISTRATE JUDGE STEVEN D. PEPE

MACOMB COUNTY CIRCUIT COURT,
COUNTY OF MACOMB, JAMES BIERNAT,
GERALD DECKER and DAVID ALEF,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

On February 26, 2007, Plaintiff filed what purports to be a federal civil complaint naming the above Defendants (Dkt. #1). On June 11, 2007, Plaintiff also filed a motion for a writ of injunction wherein he requests this Court enjoin the proceedings in the state court proceeding before Defendant James Biernat ("Judge Biernat"). Defendants Judge Biernat and Macomb County Circuit Court filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), (5) and/or (6) (Dkt. #14). Both motions have been referred for report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B) (Dkt. #17 & #22). For the following reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED**, Plaintiff's motion for a writ of injunction be **DENIED** and that Plaintiff's Complaint **BE DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for his failure to state a claim upon which relief may be granted.

1

**I.     BACKGROUND FACTS**

Defendant Judge Biernat is a Circuit Court Judge, having been elected to a 6 year term in November of 2004. Defendant Macomb County Circuit Court ("Circuit Court") is a part of the Judicial Branch of the State of Michigan and is created by the Michigan Constitution, Article 6. The present action arises out of Plaintiff's belief that Defendant Judge Biernat acted inappropriately in a civil case brought by Plaintiff against several defendants. Plaintiff seeks monetary damages from Defendant Judge Biernat, Defendant Macomb Circuit Court and Defendant County of Macomb. As more fully explained below, Defendant David Alef was one of the defendants involved in the civil case before Judge Biernat. He was represented by Defendant Gerald Decker (Dkt. #19, p. 18).[1]

In 2005, Plaintiff arranged with Defendant David Alef to provide tutoring assistance to Plaintiff's 7 year old son, Brandon Christmas. The tutoring occurred at the Eastpointe Public Library. According to Plaintiff, on July 19, 2005, Defendant Alef accompanied Brandon to the restroom and sexually assaulted him. A criminal action was initiated by the Macomb County Prosecuting Attorney and Defendant Alef was charged with Criminal Sexual Conduct, 2nd Degree, contrary to MCL 750.520c(1)(A). *See* Macomb Circuit Court Case No. 2006529FH, Register of Action (Dkt. #14, Ex. 1). A jury trial was held before Circuit Court Judge Diane Druzinski. Trial began on July 18, 2006, and continued over the next three days. The jury returned its verdict of Not Guilty on July 21, 2006, and Defendant Alef was acquitted of the charge.

Thereafter, Plaintiff filed a civil action in the Macomb County Circuit Court on July 31,

---

[1] Page number reflects ECF pagination.

2006. That case was assigned to Judge Biernat by blind draw. *See* Macomb County Circuit Court Case No. 20063264CZ, Register of Action (Dkt. #14, Ex. 2). Plaintiff initially named Defendant Alef, the Eastpointe Public Library, the Macomb Intermediate School District, and the Superintendent of Schools of Macomb County but, on August 18, 2006, he filed an amended complaint to add the County of Macomb and the Eastpointe Police Department as defendants Reading the two documents together, it appears Plaintiff was attempting to put the Macomb County Circuit Court criminal jury trial process on trial because he claimed both he and Brandon had been discriminated against by the allegedly all white jury that acquitted Defendant Alef.

He also claimed the prosecuting attorney and the Eastpointe police had violated a Michigan statute that required the Michigan Department of Protective Services to be notified in the event of a charge of abuse or neglect involving a minor child, and this had caused harm to Plaintiff, Brandon, and other minors throughout Macomb County. In his original complaint, Plaintiff sought damages in the amount of $100,000.00, against all defendants for his own injuries, which he claimed arose out of the alleged sexual assault of his son by Defendant Alef. In addition, Plaintiff requested that the Macomb Intermediate School District be ordered to advise all schools when it possessed knowledge of an alleged sexual deviant. In his amended complaint, Plaintiff failed to specify what relief, if any, he was seeking from newly added defendants County of Macomb and the Eastpointe Police Department (*See*, Plaintiff's original complaint and amended complaint; Dkt. #14, Ex. 3 & 4). Thereafter, Judge Biernat granted a motion for more definitive statement, which Plaintiff submitted (Dkt. #14, Ex. 5).

Throughout the state litigation, Plaintiff repeatedly claimed that Judge Biernat acted with an improper, unlawful, and unconstitutional motive when deciding the issues brought

3

before him.  For example, in Plaintiff's motion for "judicial annexed arbitration" and brief in support, Plaintiff alleged that Judge Biernat was personally invested in the litigation since he was "a paid employee for the Macomb County Circuit Court and the Defendant Macomb County is the courts [sic] employer." (Dkt. #14, Ex. 6).  The motion itself is riddled with Plaintiff's assertions that Judge Biernat would be unable to put aside his underlying biases.  On October 2, 2006, Judge Biernat denied this motion following oral argument.

Plaintiff repeated these claims in his motion for recusal of Judge Biernat (*See*, Dkt, #14, Ex. 7).  That motion was apparently prompted by Plaintiff's dissatisfaction with the way Judge Biernat conducted a November 22, 2006, settlement conference in the state litigation.  Subsequently, Plaintiff filed a motion to set aside an order entered by Judge Biernat following a discovery hearing on December 11, 2006.  In Plaintiff's motion to set aside that order, Plaintiff again attacked Judge Biernat's motives and claimed again that his decisions were the result of improper, unlawful, and unconstitutional motives (Dkt. #14, Ex. 8).  The transcript from the December 11 hearing does not demonstrates any obvious unfair treatment of Plaintiff by Judge Biernat (Dkt. #14, Ex. 9).

Plaintiff, still dissatisfied with the rulings of Judge Biernat, filed a complaint against him with the Michigan Judicial Tenure Commission (Dkt. #14, Ex. 10).  In his complaint, Plaintiff made the same claims against Judge Biernat's motives.  Plaintiff's motion for recusal of Judge Biernat was addressed at oral argument on January 8, 2007 (Dkt. #14, Ex. 11).  The motion was denied by Judge Biernat and subsequently denied by Chief Judge Antonio Viviano, in compliance with the procedures set forth at Michigan Court Rule 2.003.

Plaintiff now brings his claims to this Court. Plaintiff continues to claim that Judge Biernat acted with an improper, unlawful, and unconstitutional motive when deciding the issues brought before him in the state litigation. He seeks monetary damages from Judge Biernat, in his official capacity as a Macomb County Circuit Court Judge, for alleged violation of the Fourteenth Amendment, 42 USC § 1983, the Civil Rights Act of 1964, and the Michigan's Elliott Larsen Civil Rights Act, MCL 37.2101.[2] Plaintiff seeks monetary damages from the Defendant Macomb County Circuit Court and Defendant Macomb County, for the alleged wrongful conduct of Judge Biernat under the doctrine of respondeat superior, vicarious liability and the public duty doctrine. He also seeks monetary damages from Defendant Gerald Decker and Defendant David Alef for libel and defamation for allegedly providing "scandalous and/or fraudulent" documents to the Macomb County Circuit Court, which damaged Plaintiff's reputation.

## II.  ANALYSIS

### A.  Standard Of Review

A motion under Fed. R. Civ. P. 12(b)(1) challenges a court's subject matter jurisdiction. In *Ramos v Nebraska*, 396 F. Supp. 2d 1053, 1056, (2005), the Court explained "A court does not obtain subject matter jurisdiction just because a plaintiff raises a federal question in his or her
complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." According to the Court in *Ohio Nat. Life Ins. Co. v. U.S.*,

---

[2] Although Plaintiff appears to separate out claims for violation of Michigan's Elliott Larsen Civil Rights Act and violation of MCL 37.2101, MCL 37.2101 is the statutory cite to the Elliott Larsen Civil Rights Act.

922 F.2d 320, 325 (6th Cir.1990), "Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under Rule 12(b)(6) motions to dismiss.

On the other hand, when a court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations. Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, *Federal Practice and Procedure* § 1364, at 66264 (West 1969). When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977)." A district court may also make factual determinations when deciding a Rule 12(b)(1) motion. *See Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir.2002) (district court's fact findings concerning availability of relief sought by plaintiff reviewed for clear error)."

A motion under Fed. R. Civ. P. 12(b)(5) challenges service of process upon the defendant. Relief is appropriate under this rule where the defendant has not been served with a copy of the summons and complaint. *Bradley v. Clegg*, 403 F. Supp. 830, 834 (1975).

A motion under Fed. R. Civ. P. 12(b)(6) challenges the allegations of the plaintiff's

complaint. Relief is appropriate where a court determines that plaintiff has failed to state a claim upon which relief can be granted. In *Ramos*, supra, 396 F.Supp.2d at 1057, the Court explained that a court "must accept the allegations in the complaint as true and draw reasonable inferences in favor of the nonmoving party, dismissing only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. See *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1062 (8th Cir.2005). Although the pleading standard is liberal, the plaintiff must allege facts not mere legal conclusions that, if true, would support the existence of the claimed constitutional violations. See *Id.*"

    **B.**    **Factual Analysis**

In *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit held that district courts must screen complaints under 28 U.S.C. §1915(e)(2) from indigent non-prisoners. Moreover, "the screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under §1915(e)(2).[3] The complaint must be dismissed if it falls within the requirements of

---

    [3]  28 U.S.C.A. § 1915(e)
* * *
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal–
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

§1915(e)(2) when filed." *Id*. at 608-609.[4]

Under § 1915(e)(2), notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--
    (I) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

Dismissal of Plaintiff's complaint under §1915(e)(3) is warranted in this case against Defendants Macomb County Circuit Court and Judge Biernat. First, Defendant Judge Biernat is entitled to dismissal of Plaintiff's claims on the basis of absolute judicial immunity. Under the doctrine of judicial immunity, judges are generally immune from suits seeking money damages based on their judicial acts. *Johnson v. Turner*, 125 F.3d 324, 333 (6 th Cir.1977). The doctrine is justified "by a long settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir.1997)[quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)]. This principle of independent decision-making is so important

---

[4] The language of §1915(e)(2) is mandatory in its use of "shall dismiss" unlike the language of its predecessor version in superceded §1914(d). Section 1915(e)(2) is essentially identical to the early sua sponte dismissal provisions of §1915A(b) in the Prisoner Litigation Reform Act except that §1915A applies only to prisoners and does not contain the provision concerning the allegation of poverty. Yet, complaints by non-prisoners are subject to the screening process required §1915(e)(2) even if the non-prisoner is not seeking waiver of prepayment of fees. *McGore,* 114 F.3d at 604. The language of §1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.

to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Federal courts have attempted to give a flexible definition of what constitutes a judicial act. In *Morrison v. Lipscomb,* 877 F.2d 463, 465 (6th Cir.1989), for example, the Court, citing *Forrester v. White*, 484 U.S. 219, 227 (1988), stated that the paradigmatic judicial act is the resolution of a dispute between parties who have invoked the jurisdiction of the court. In *Forrester*, the Court explained that an act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester*, 484 U.S. at 227.

Here, based on Plaintiff's complaint, all of Judge Biernat's actions of which Plaintiff complains occurred within Judge Biernat's judicial capacity. He was involved in the matter as a sitting judge who was assigned a case brought by Plaintiff. The decisions he rendered related to the case before him and the motions of the parties. There is nothing to suggest that Judge Biernat was acting outside the scope of his jurisdiction. Accordingly, Judge Biernat is absolutely immune from Plaintiff's claims and is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) .

Second, Judge Biernat, in his official capacity, and the Macomb Circuit Court are entitled to dismissal of Plaintiff's claims, because of immunity granted by the Eleventh Amendment. Under the Eleventh Amendment, a state is immune from suit brought in federal court by its own citizens or citizens of other states. *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Federal court actions against agencies or instrumentalities of a state are also barred by the Eleventh Amendment. *Shaw v. State of Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir.1986). A suit against state officials, in their official capacities, is the same as a suit against the state itself and therefore is

subject to the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 16667 (1985). The immunity recognized by the Eleventh Amendment extends to both suits for monetary damages and those for declaratory or injunctive relief. *In re SDDS, Inc.*, 97 F.3d 1030, 1035 (8th Cir.1996).

The Circuit Court is a part of the judicial branch of Michigan government. It was created by Article 6. of the Michigan Constitution. As a branch of state government, the Circuit Court is immune from this action under the Eleventh Amendment. Further, Judge Biernat is a high state official. *See People v. Brown*, 54 Mich. 15, 27 (1884). Thus, both Judge Biernat in his official capacity and the Circuit Court are entitled to dismissal of Plaintiff's claims for monetary damages, under Fed. R. Civ. P. 12(b)(1), because they are entitled to immunity by the Eleventh Amendment.[5]

Yet, even assuming *arguendo* that governmental immunity does not exist in this case, dismissal of Plaintiff's Complaint against all Defendants is warranted under §1915(e)(2) for failure to state a claim upon which relief may be granted. *See*, §1915(e)(2)(B)(ii). Because this matter involves a concluded state proceeding, the claim is barred by the abstention doctrine or the *Rooker-Feldman* doctrine which dictate that only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." In *District of Columbia Court of Appeals v.*

---

[5] Eleventh Amendment immunity does not extend to counties and similar municipal corporations. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977).

*Feldman*, 460 U.S. 462, 476 (1983), the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

In *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 937 (6 th Cir.2002), the Court reiterated that there are two elements to a *Rooker-Feldman* analysis. "'First, in order for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding.' *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998) (quotation omitted). 'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment.' *Id.* (quotation omitted). Second, the *Rooker-Feldman* doctrine precludes federal court jurisdiction where the claim is "a specific grievance that the law was invalidly even unconstitutionally applied in the plaintiff's particular case." *Id.* In contrast, the *Rooker-Feldman* doctrine does not bar federal court jurisdiction where the claim is "a general challenge to the constitutionality of the state law applied in the state action." *Id. See also, Patmon v. Michigan Sup.Ct.,* 224 F.3d 504, 50910 (6th Cir. 2000).

In the present case, both elements of the *Rooker-Feldman* analysis are satisfied. The first element – that the present claims are intertwined with the state court claims – is satisfied. Here, Plaintiff is claiming (1) that his constitutional rights have been violated because of the actions of

11

Judge Biernat, and (2) that Defendants Alef and Decker provided fraudulent documents to the state court.[6] Essentially, Plaintiff contends that Judge Biernat is acting with improper motives and this has colored all of Judge Biernat's rulings and decisions in the state litigation. As indicated above, Plaintiff previously raised these same claims in the state court litigation in his motion for "judicial annexed arbitration," his motion for recusal of Judge Biernat, and his complaint to the Michigan Judicial Tenure Commission.

Plaintiff, however, has not obtained the relief which he sought and is now seeking the same relief from this Court. Pursuant to Michigan Court Rule 2.003, Plaintiff's remedy for disqualification of Judge Biernat lies with an appeal to the Michigan Court of Appeals, not an original action before this Court. Plaintiff's claim that Judge Biernat is acting with improper

---

[6] The federal claims against Defendants Alef and Decker, however, are not apparent. At the time of the criminal trial of Defendant Alef, neither he nor his criminal defense attorney Decker were acting in an official capacity under § 1983. Under the liberal federal pleading standard, Plaintiff must only give Defendant fair notice of her claims and the grounds upon which they rest. *Id.* Yet courts "are not bound by allegations that are clearly unsupported and unsupportable." *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971). "It is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986); *see also*, *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) (stating that while the standard for dismissals under Rule 12(b)(6) is liberal, and *pro se* claimants are given special consideration under *Haines v. Kerner,* 404 U.S. 519 (1972), a complaint nonetheless must contain either direct or inferential allegations regarding all the material elements, which must be more than bare assertions of legal conclusions); *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 163 (2d ed.1990)); *Russell v. Tennessee Dept. of Correction,* No. 03-6217, 2004 WL 834741 (6th Cir. April 16, 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (unpublished, citations omitted). *See Ana Leon T. v. Federal Reserve Bank*, 823 F.3d 928, 930 (6th Cir. 1987)(Plaintiff has made only conclusory allegations. Such allegations cannot support an equal protection claim).

12

motives and is violating Plaintiff's constitutional rights is nothing more than a disguised motion to disqualify Judge Biernat, which was denied in the state litigation. Clearly, Plaintiff's present claim in this Court is intertwined with the claims he raised in the state court because they are identical. The first element of *Rooker-Feldman* is satisfied. As to the second *Rooker-Feldman* element, it is apparent that all of Plaintiff's claims contend that Judge Biernat misapplied the law for a variety of reasons, all of which were allegedly invalid. Even if this were true, the *Rooker-Feldman* doctrine prevents this Court from reviewing these claims.

Because the *Rooker-Feldman* doctrine is applicable to this case, this Court is precluded from exercising subject matter jurisdiction.

This Court should dismiss all federal claims of the Plaintiff. Regarding any of Plaintiff's state claims, it recommended that supplemental jurisdiction be declined and this Court dismiss them under 28 U.S.C. 1367(c)(3) because all federal claims are being dismissed. Accordingly, its is recommended that Defendants' motion to dismiss be **GRANTED** and that Plaintiff's Complaint against all Defendants be dismissed. For the same reasons, it is further recommended that Plaintiff's motion for a writ of injunction be **DENIED.**[7]

## III.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss be

---

[7] Additionally, the state court proceeding was dismissed on June 6, 2007, and the case was closed, as demonstrated by a review of Judge Biernat's Opinion and Order in that case (Dkt. #20, Ex. D). This has rendered Plaintiff's present request for injunctive relief moot. Generally, an action is considered "moot" when it no longer presents a justiciable controversy because issues involved have become academic or dead. *Sigma Chi Fraternity v Regents of University of Colo.*, 258 F. Supp. 515, 523 (1966). Therefore, as the state court proceeding is moot, Plaintiff's request to enjoin those proceedings is properly denied.

13

**GRANTED**, Plaintiff's motion for a writ of injunction be **DENIED** and that Plaintiff's Complaint **BE DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for her failure to state a claim upon which relief may be granted.. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: August 3,2007                                                       s/Steven D. Pepe
Ann Arbor, Michigan                                        United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on August 3,2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Patricia S.L. McKay, James S. Meyerand, Stephen T. Rabaut, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Stanley Michael Christmas, 19035 Toepfer, Eastpointe, MI 48021

      s/ James P. Peltier
      James P. Peltier
      Courtroom Deputy Clerk
      U.S. District Court
      600 Church St.
      Flint, MI 48502
      810-341-7850
      pete_peliter@mied.uscourts.gov