**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STANLEY MICHAEL CHRISTMAS,

            Plaintiff,

                                  CASE NO: 07-10840

-vs-

                                  PAUL D. BORMAN
MACOMB COUNTY CIRCUIT       UNITED STATES DISTRICT JUDGE
COURT, et al.,

            Defendants.

_____ /

**OPINION AND ORDER:
(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN
FAVOR OF GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR A WRIT OF INJUNCTION; AND (2) DENYING AS
MOOT PLAINTIFF'S EMERGENCY MOTIONS TO COMPEL**

      Before the Court is Plaintiff Stanley Michael Christmas' Objections to the August 3, 2007, Magistrate Judge's Report and Recommendation in favor of granting Defendants Macomb County Circuit Court and Judge James Biernat's Motion to Dismiss, and denying Plaintiff's Motion for a Writ of Injunction. (Doc. Nos. 31, 33, 37, 51). Also before the Court is Plaintiff's August 23, 2007 Emergency Motion to Compel and August 24, 2007, Emergency Motion to Release Transcripts. (Doc. Nos. 34, 36).

      On August 13, 2007, Plaintiff filed his first Objection to the Magistrate's Report and Recommendation ("Report") apparently contending the Magistrate failed to liberally construe his pleadings and attaching an Amended Complaint.[1] (Doc. No. 31). On August 24, 2007, Plaintiff filed his second Objections to the Report apparently arguing that there was new evidence of

---

[1] On August 14, 2007, Plaintiff also filed a document entitled "Plaintiff's Objection to Report and Recommendation" which is an exact duplicate of the August 13, 2007 filing. (Doc. No. 33).

discrimination by Defendant Judge Biernat on July 30, 2007. (Doc. No. 37). On October 3, 2007, Plaintiff filed a document without title which appears to be a statement of facts regarding why this Court should set aside the Report. (Doc. No. 51).

Plaintiff filed his action against Defendants Judge Biernat, the Macomb County Circuit Court, Macomb County, Gerald Decker, and David Alef. Plaintiff's suit is based on his belief that Defendant Judge Biernat acted inappropriately in a civil case brought by Plaintiff in Macomb County Circuit Court against several defendants, including Defendant Alef. Plaintiff seeks monetary damages from Defendant Judge Biernat for his alleged misconduct and violations of the Fourteenth Amendment, 42 U.S.C. § 1983, and Michigan's Elliott Larsen Civil Rights Act. Plaintiff seeks monetary damages from Defendants Macomb County Circuit Court and Macomb County for Defendant Judge Biernat's wrongful conduct based upon the doctrine of respondeat superior. He further seeks monetary damages against Defendants Alef and Decker for libel and defamation for providing certain documents to Macomb County Circuit Court which allegedly damaged Plaintiff's reputation.[2]

The Magistrate Judge concluded in his Report and Recommendation that Defendant Judge Biernat is entitled to absolute judicial immunity. The Magistrate Judge also found that the claims against Defendants Judge Biernat, in his official capacity, and Macomb County Circuit Court were barred by the Eleventh Amendment. Finally, even assuming governmental immunity did not exist, the Magistrate Judge recommended dismissal of Plaintiff's claims against all Defendants under the abstention doctrine or the *Rooker-Feldman* doctrine.

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) dictates that

---

[2] Defendant Alef's counsel in the Macomb County civil case was Defendant Decker.

a magistrate judge's non-dispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

Although Plaintiff has filed numerous Objections to the Report, the Court finds that Plaintiff has asserted only two errors for its review:

(1) the Magistrate Judge failed to liberally construe Plaintiff's pro se pleadings; and

(2) Defendant Judge Biernat discriminated against Plaintiff on July 30, 2007.

Plaintiff also fails to make any objections to the Magistrate Judge's recommendation that his Motion for an Injunction be denied.

To the extent Plaintiff argues the Magistrate Judge failed to liberally construe his pleadings, the Court finds Plaintiff's objection is without merit. The Magistrate Judge dismissed Plaintiff's claim based on substantive law and not due to Plaintiff's lack of skill in drafting his pleadings. It is clear from the Report the Magistrate Judge liberally construed Plaintiff's pleadings but found his claims could not succeed due to absolute immunity, the Eleventh Amendment, and the *Rooker-Feldman* and abstention doctrines. Further,

> while there is authority for the proposition that *pleadings* submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftsmanship . . . . there is no authority for the contention that *pro se* litigants are entitled to a more lenient application of *substantive* law.

*Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983) (internal citation omitted) (emphasis in original).

To the extent Plaintiff has included a proposed Amended Complaint in his first Objection

to the Report, the Court finds that such an Amended Complaint is not properly before it. Pursuant to Fed. R. Civ. P. 15(a):

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court by or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In the present action, a responsive pleading has been filed. Plaintiff has failed to seek leave from the Court for his proposed Amended Complaint, nor have the adverse parties submitted any written consent. Therefore, the proposed Amended Complaint is not properly before the Court and shall not be considered. Additionally, even if the Plaintiff were to seek leave from this Court, it has already been determined that Defendants are entitled to immunity from the claims asserted and such an amendment would be futile.[3]

Plaintiff's second Objection to the Magistrate Judge's Report consists of his allegations that Defendant Judge Biernat discriminated against him on July 30, 2007, when he did not allow Plaintiff to speak in his court. The Court finds this allegation is not an objection to the Report and outside the its scope.

Plaintiff's third filing, which appears to be a statement of facts, merely restates his

---

[3] Plaintiff also asserts new allegations and quotes Michigan statutory law in his Objections to the Report. These new allegations and regurgitation of statutory law do not constitute objections to the Report. For this reason the Court declines to address those arguments. To the extent Plaintiff appears to assert that Defendants are not entitled to governmental immunity because they committed gross negligence, Mich. Comp. Law § 691.1407(2)(c), the argument is without merit. The Magistrate Judge correctly determined that all of Plaintiff's claims against Defendant Judge Biernat involve actions that were within the scope of his judicial authority. *See* Mich. Comp. Laws 691.1407(5) ("A judge. . . . [is] immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial . . . . authority.")

4

allegations against Defendant Judge Biernat. To the extent Plaintiff's statements can be construed as an objection to the Report, the Court finds no error in the Magistrate Judge's recommendation. Plaintiff's claims are properly barred by absolute immunity and the Eleventh Amendment.

Therefore, the Court will deny Plaintiff's Objections to the Report.

To the extent the Defendants Judge Biernat and Macomb Circuit Court seek sanctions against Plaintiff for frivolous filings through their Responses, the Court declines to award such sanctions.

For the foregoing reasons, the Court hereby:

(1) **AFFIRMS** the Magistrate Judge's Order Granting Defendants' Motion to Dismiss;

(2) **AFFIRMS** the Magistrate Judge's Order Denying Plaintiff's Motion for Writ of Injunction;

(3) **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and

(4) **DISMISSES AS MOOT** Plaintiff's Emergency Motions to Compel. (Doc. Nos. 34 & 36).

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 30, 2008.

S/Denise Goodine
<u>Case Manager</u>