# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STANLEY MICHAEL CHRISTMAS,

        Plaintiff,

CASE NO: 07-10840

-vs-

MACOMB COUNTY CIRCUIT COURT, et al.,

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

        Defendants.

_____ /

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Stanley Michael Christmas' Motion to Reconsider the Court's January 31, 2008, Order Adopting the Magistrate Judge's Report and Recommendation in Favor of Granting Defendants' Motion to Dismiss and Denying Plaintiff's Motion for a Writ of Injunction and Denying as Moot Plaintiff's Emergency Motions to Compel. (Doc. No. 52). Plaintiff seeks to vacate the Order and Judgment pursuant to Fed. R. Civ. P. 59(e).

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become

available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished).

In the present action, Plaintiff contends the Court committed institutional racism by failing to appoint him a court-appointed lawyer at the beginning of this action and also by denying him oral argument. Plaintiff accuses this Court of having "historical bias and prejudice" towards him. (Plf. Br. 9). The Court rejects these arguments as being outside the scope of the Motion to Reconsider and also without support in law or fact.

Plaintiff also asserts the Court erred when it failed to consider his claims pursuant to 42 U.S.C. § 1983. Plaintiff appears to believe that the Court should have examined his claims on the merits. However, the Court held that Plaintiff's action failed to state a claim upon which relief could be granted for the reasons those claims are: (1) barred by absolute immunity; (2) the Eleventh Amendment; and (3) the *Rooker-Feldman* and abstention doctrines. For this reason the Court did not need to analyze Plaintiff's claims upon their merits as they failed as a matter of law.

Plaintiff further argues that the Court erred by failing to address Mich. Comp. Law § 691.1407(2)(c). However, the Court finds this argument is without merit the issue is specifically addressed in a footnote of the Order.

Finally, Plaintiff renews his argument that the Court failed to liberally construe his *pro se* complaint. However, the Court finds no palpable error where the Court previously addressed this objection and set forth that:

> while there is authority for the proposition that *pleadings* submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftsmanship . . . . there is no authority for the contention that *pro se* litigants are entitled to a more lenient application of *substantive* law.

*Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983) (internal citation omitted) (emphasis in

original). In the present action, Plaintiff's action fail to state a claim upon which relief can be granted, not because his pleadings were construed narrowly.

For these reasons, the Court finds no palpable error in law or fact and accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Doc. No. 52).

**SO ORDERED**.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: February 11, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 11, 2008.

        s/Denise Goodine
        Case Manager